UNITED STATES of America, Plaintiff-Appellee,

v.

George Enos CABRAL, Defendant-Appellant.

No. 74–1888.

United States Court of Appeals, Ninth Circuit.

May 18, 1977.

Rehearing and Rehearing En Banc Denied July 1, 1977.

Martin D. Lurie, Hamar & Lurie, San Francisco, Cal., argued, for defendant-appellant.

James L. Browning, Jr., U.S. Atty., John C. Emerson, Asst. U.S. Atty., San Francisco, Cal., argued, for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and LUCAS,* District Judge.

TRASK, Circuit Judge:

In *United States v. Scully,* 546 F.2d 255 (9th Cir. 1976), we reviewed the conviction of George Cabral for violating certain narcotics laws. Some of the evidence used at trial against Cabral had been gleaned by wiretaps. On appeal Cabral argued (1) that the government had not complied with section 2518(1)(b)(iv) of the Omnibus Crime Control and Safe Streets Act of 1968 (the Act) in that he was a person "known" by government agents to be engaged in the heroin scheme but was not named by them in the various wiretap applications, and (2) that the evidence gathered from the wiretaps issued in response to these defective applications should have been suppressed. We agreed with Cabral as to some of the applications, and therefore we reversed his conviction and remanded his cause to the district court for further proceedings consistent with our opinion. 546 F.2d at 263–66 and 271.

On February 28, 1977, the Supreme Court of the United States granted certiorari upon the petition of the United States and upon consideration thereof vacated the judgment and remanded the cause to this court for further consideration in the light of *United States v. Donovan,* 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977).

In *Donovan,* the Supreme Court examined the question whether a district court was warranted in suppressing evidence derived from an intercept solely because law enforcement authorities failed in their application for the intercept to name all parties "known" to be committing the offense, thereby failing to fully comply with section 2518(1)(b)(iv). The Supreme Court answered this question in the negative. 429 U.S. at 437–439, 97 S.Ct. 658. Its analysis of the suppression issue may be summarized as follows.

*First.* Section 2515 of the Act expressly prohibits the use at trial "of the contents of any intercepted wire communication or any evidence derived therefrom 'if the disclosure of that information would be in violation of this chapter.'" 429 U.S. at 432, 97 S.Ct. at 670.

*Second.* Section 2518(10)(a) enumerates the circumstances triggering the suppression mandated by section 2515. They are:

"(i) the communication was unlawfully intercepted;

"(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

"(iii) the interception was not made in conformity with the order of authorization or approval."

*Third.* As there was no basis on the facts to suggest that the authorization orders are facially insufficient or that the intercept was not conducted in conformity with the orders, only section 2518(10)(a)(i) was relevant: were the communications "unlawfully intercepted" given the violations of section 2518(1)(b)(iv)? 429 U.S. at 432, 97 S.Ct. 658.

*Fourth.* The communications were lawfully intercepted because a judge issuing

* Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

the wiretap order could reasonably conclude that normal investigative techniques had failed or were unlikely to succeed and because there was probable cause to believe that: (i) an individual was engaged in criminal activity, (ii) particular communications concerning the offense would be obtained through interception; and (iii) the target facilities were being used in connection with the specified criminal activity. 429 U.S. at 435, 97 S.Ct. 658. The failure to identify additional persons who were likely to be overheard engaging in incriminating conversations did not invalidate the otherwise lawful judicial authorization. *Id.*

Applying the Supreme Court's analysis in *Donovan* to the facts of the *Cabral* case, we proceed as follows.

*First.* The communications used as evidence against Cabral were not unlawfully intercepted. The issuing judge expressly found that investigative procedures had failed and reasonably appeared unlikely to succeed if continued. *United States v. Scully, supra,* at 261. The issuing judge also had probable cause to believe (i) that certain individuals were engaged in criminal activity, (ii) that particular communications concerning the offense would be obtained through interception, and (iii) that target facilities were being used in connection with the specified criminal activity. *Id.* at 260. While Cabral was "known" to be engaged in the criminal enterprise at the time certain of the intercept applications were submitted to the issuing judge, failure to name Cabral in these applications does not invalidate the otherwise lawful judicial authorizations.

*Second.* The orders of authorization under which the evidence was intercepted are not insufficient on their face.

*Third.* The interceptions were made in conformity with the orders of authorization.

*Fourth.* Therefore, none of the circumstances enumerated in section 2518(10)(a) exists in this case which would mandate suppression of the challenged evidence under section 2515, and we hold that the district court did not err in permitting the introduction at trial of this evidence.

Finally, we have examined the other assignments of error set forth in Cabral's brief on appeal in the light of *Donovan, supra.* None of these assignments is meritorious. Hence, the conviction of Cabral is affirmed.

AFFIRMED.